UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DORN SMITH,<br><br>                                     Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, acting Commissioner of Social Security,<br><br>                                  Defendant. | Case No.: 22cv1284-BLM<br><br>**ORDER GRANTING JOINT MOTION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. § 1920**<br><br>**[ECF NO. 18]** |

      On August 30, 2022, Plaintiff filed a complaint in this matter seeking judicial review of the denial of his application for "Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. Section 416(I) and 423, respectively."  ECF No. 1.

      On January 9, 2023, the parties filed a Joint Motion for Voluntary Remand.  ECF No. 15. The Court granted the motion that same day.  ECF No. 16.

      On March 6, 2023, the parties filed a Stipulation for EAJA Fees and Costs.  ECF No. 18.

      The EAJA allows a prevailing party to seek attorney's fees from the United States within thirty days of final judgment.  28 U.S.C. § 2412(d).  "A sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, 28 U.S.C. § 2412(d), upon expiration of the time for appeal."  Akopyan v. Barnhart, 296 F.3d 852, 854 (9th

Cir. 2002). If one of the parties is the United States, either party may file a notice of appeal within sixty days of the order appealed from. See Fed. R. App. 4(a)(1)(B). "A plaintiff who obtains a sentence four remand is considered a prevailing party for attorneys' fees." Akopyan, 296 F.3d at 854. Plaintiff is the prevailing party in this action for purposes of attorney's fees, the parties' joint motion is timely, and the Court finds the stipulated amount of fees and expenses reasonable.

Having considered the joint motion and finding the stipulated amount of fees and expenses reasonable, the Court **GRANTS** the joint motion and **AWARDS** Plaintiff attorney's fees and expenses in the total amount of $7,500.00 as authorized by 28 U.S.C. § 2412 and costs in the amount of $615.00 as authorized by 28 U.S.C. § 1920, subject to the terms of the parties' joint motion [see ECF No. 18]. Fees will be made payable to Gary Dorn Smith, but if the Department of the Treasury determines that Gary Dorn Smith does not owe a federal debt, then the government will cause the payment of fees, expenses, and costs to be made directly to the Chermol & Fishman, LLC, 11450 Bustleton Avenue, Philadelphia, PA 19116 pursuant to the assignment executed by Gary Dorn Smith [see ECF No. 18 at 2]. Any payments will be delivered to David F. Chermol.

**IT IS SO ORDERED**.

Dated: 3/7/2023

Hon. Barbara L. Major
United States Magistrate Judge